a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN STANLEY, Petitioner | CIVIL ACTION NO. 1:18-CV-965-SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner John Stanley ("Stanley") (#315609). Stanley is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. Stanley challenges his conviction and sentence imposed in the 9th Judicial District Court, Rapides Parish.

Stanley's petition is untimely and should be dismissed.

I. Background

Stanley was convicted of aggravated burglary and sentenced to 20 years of imprisonment. State v. Stanley, 2008-1484 (La. App. 3 Cir. 5/6/09). Stanley's conviction and sentence were affirmed on appeal. Id. Stanley did not seek further review in the Louisiana Supreme Court.

Stanley filed applications for post-conviction relief on May 31, 2011 and January 17, 2012. (Doc. 1, pp. 3, 11). The applications were denied. Doc. 1-2, p. 23-24. According to Stanley's exhibits, the appellate court denied supervisory writs on June 28, 2013. (Doc. 1-2, p. 20).

II.  Law and Analysis

    A.  Stanley's § 2254 petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Because he did not seek writs in the Louisiana Supreme Court, Stanley's conviction became final for AEDPA purposes on June 5, 2009, upon the expiration of the time for seeking further direct review. 28 U.S.C. § 2254(d)(1). Thus, Stanley had one year from that date within which to file a § 2254 petition. Stanley's petition was not filed until July 23, 2018. (Doc. 1).

Although the statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period, Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)).

Stanley's application for post-conviction relief was filed on May 31, 2011, well after the one-year limitations period of the AEDPA had expired. Therefore, Stanley is not entitled to statutory tolling. Even if Stanley was entitled to tolling while his post-conviction applications were pending, the petition would still be time-barred because more than five years have passed since the completion of those proceedings.

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Stanley neither invokes equitable tolling, nor submits evidence demonstrating that he is entitled to equitable tolling, and this Court knows of no such evidence.

### III. Conclusion

Because Stanley's § 2254 petition is untimely, IT IS RECOMMENDED that the petition be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __4th__ day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge